UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION


UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
      v.                        )      No. 4:08 CR 697 ERW
                                )                     DDN
EVERETTE SIMMONS,               )
                                )
            Defendant.          )

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This action is before the court upon the pretrial motions of the parties which were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

Defendant Everette Simmons has moved for an order granting him a separate trial from his co-defendant Todd Shepard (Doc. 50). Simmons and Shepard are jointly charged, in a one-count indictment, with conspiracy to distribute and possess with the intent to distribute more than five kilograms of cocaine and more than fifty grams of crack. (Doc. 13.)

In support of his motion, Simmons argues that Shepard may have made statements to the authorities that inculpate him. If these statements were admitted during a joint trial, Simmons argues, he would not be able to call Shepard as a witness or cross-examine him about these statements, which would deprive Simmons of his constitutional rights. Finally, Simmons argues that Shepard is charged, in state court, with the murder of a University City police officer, and that this charge against Shepard is highly prejudicial to his case. (Doc. 50.)

 "When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Civil Procedure 8." United States v. Ruiz, 412 F.3d 871, 886 (8th Cir. 2005). Even if joinder is proper, the trial court may, in its discretion, sever defendants under Rule 14. Id. Still, the federal rules of criminal procedure are to be liberally construed in favor of joinder. Id.

In this case, joinder of the defendants is proper under Rule 8(b). Simmons and Shepard are each jointly charged in the only count in the indictment. The facts and charges alleged against Simmons are therefore

factually interrelated with those alleged against Shepard.  See United States v. Darden, 70 F.3d 1507, 1526-27 (8th Cir. 1995) ("The indictment in this case sufficiently alleged that the joined defendants and counts were factually interrelated.").

Convinced that joinder is proper under Rule 8, the court turns to Simmons's motion to sever under Rule 14.  When deciding a motion for severance, a court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of co-defendants. United States v. Pherigo, 327 F.3d 690, 693 (8th Cir. 2003).  The prejudice against a defendant must be "severe or compelling" for it to warrant a severance.  Id.  That is, severance is only required when the evidence is such that a jury could not be expected to compartmentalize it as it relates to the separate defendants.  Id.  Indeed, a joint trial gives the jury the best perspective on all of the evidence, increasing the likelihood of a correct outcome.  Id.  In deciding the jury's ability to compartmentalize the evidence, the court must consider (1) the complexity of the case, (2) if one or more of the defendants was acquitted, and (3) the availability of adequate instructions.  Id.

A district may, in its discretion, deny a motion to sever when not every joined defendant has participated in every offense charged, when evidence which is admissible only against some defendants may be damaging to others, or when there is varying strength in the evidence against each defendant.  United States v. Lee, 374 F.3d 637, 646 (8th Cir. 2004).  In addition, "[w]hen defendants are charged with a conspiracy, there is a presumption that they will be tried together." United States v. Stockton, 968 F.2d 715, 718 (8th Cir. 1992); see also United States v. Ruiz, 446 F.3d 762, 772 (8th Cir. 2006) ("In general, persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together.").

In this case, the motion to sever should be denied.  In its response, the government notes that there are "no statements made by the co-defendant [Shepard] which inculpate [] Simmons. . . ." (Doc. 51 at 4.)  In addition, the government states that it does not intend to introduce at trial any evidence related to the murder of the University City police officer. (Id.)  And even if Shepard had made statements that inculpated Simmons, the

court could protect Simmons's rights through a cautionary instruction, or by redacting any mention of Simmons. See United States v. Canania, No. S3-4:06 CR 33 ERW (DDN), 2006 WL 2632330, at *1 (E.D. Mo. Sept. 13, 2006).

For these reasons,

**IT IS HEREBY RECOMMENDED** that the motion of defendant, Everette Simmons, for an order granting him a separate trial from his co-defendant Todd Shepard (Doc. 50) should be denied.

The parties are advised they have eleven days to file documentary objections to this Report and Recommendation. The failure to file timely, documentary objections may waive the right to appeal issues of fact.

/S/    David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on April 10, 2009.